[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: July 31, 1997 Date of Application: July 31, 1997 Date Application Filed: August 6, 1998 Date of Decision: September 25, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford.
Docket Number: CR88-71140.
Kenneth Simon, Defense Counsel for Petitioner.
Victor Carlucci, Jr., State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION
In this matter petitioner was found in violation of probation on 7/31/97 and sentenced by the court to (7) years to serve, the maximum unexpired portion of the original sentence.
This petitioner comes become the review board with an extremely serious prior history including numerous prior arrests and convictions dating back to 11/10/78 in addition to the (4) counts of robbery that resulted in his being placed on probation. At least one prior probation was revoked after a conviction for a subsequent offense and he was later found in violation of yet another probation. CT Page 14284
The state notes that much of his criminal conduct including the (4) counts of robbery was attributable, at least in part, to an extensive substance abuse problem. Efforts to treat this problem while on probation, however, proved futile, suggesting that once back on the street his conduct would again be controlled by his substance abuse problem.
Counsel for Petitioner expressed an awareness of petitioner's lengthy criminal history and the other factors that resulted in the court's imposition of a maximum sentence, but notes that petitioner has already served the majority of the sentence and, in reality, simply seeks the mercy of the Sentence Review Division with respect to the remaining months of incarceration.
However, pursuant to Practice Book Sec. 43-28 the Division is limited in its review to a determination of whether the sentence imposed ". . . should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended." Under the circumstances here the sentence imposed by the court was neither inappropriate nor disproportionate.
The sentence is affirmed.
Klaczak, O'Keefe and Fasano, J.s. participated in this decision.